DF

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 27 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAWORLD, INC., NASSAU-SUFFOLK,
INC., LEONID FISHMAN, USA PETROLEUM
CORP., TEMEL ARTUKMAC, BARAN
PETROLEUM, INC., SERVET BARAN, PARK
PETROLEUM, INC., ROCKWELL
PETROLEUM, INC., ALEX MEMEDOV,
ISLAND STAR CORP., AZIZ BESLI, DECCAN
STAR, INC., ISMAIL YETIM, and SYED
IQBAL,

                   Plaintiffs,

   -against-

NICHOLAS BARTHOLOMEW, GULSIM
YETIM, NEJDET YETIM, HENRY IORIZZO,
BRENTWOOD EXPRESS, INC., 208F REALTY
CORP., 118-F REALTY CORP., LIBERTY
PETROLEUM, INC., TARGET PETROLEUM
CORP., R.G.V. PETROLEUM, INC., 286
JERICHO CORP., and VENUS BUKEY
REALTY, INC.

                   Defendants.
------------------------------------------------------------X

03-CV-5077
(TCP) (JO)

**MEMORANDUM
AND
ORDER**

PLATT, District Judge.

    Before the Court is Defendants' Nicholas Bartholomew ("Bartholomew"), 118-F Realty Corp., 208F Realty Corp., and 286 Jericho Corp.'s (collectively "Defendants") motion to dismiss Plaintiffs' second amended

1

complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim upon which relief may be granted.

In the second amended complaint, Plaintiffs have made few changes to the allegations in the complaint and amended complaint. With considerable assistance from a divining rod, a lawyer with a lively imagination might discern at least arguable references to the various elements of one or more Racketeer Influenced and Corrupt Organization ("RICO") claims. Short of practicing law for the Plaintiffs, which this Court may not do, we are left with the unsatisfactory alternative of dismissing the second amended complaint; unsatisfactory because a skilled experienced trial practitioner in this field would have little or no difficulty in framing more appropriate RICO claim allegations to satisfy the technical requirements involved in this case, and Plaintiffs should not be deprived of their day in court because of this type of test.

Accordingly, Defendants' motion at this stage must be, and the same is hereby, DENIED without prejudice to renewal, after appropriate discovery, in the present or other form.

SO ORDERED.

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
December 27, 2005